UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| 9197-5904 QUEBEC, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 16-_____ |
| v. | ) | State Court Case Number: |
| | ) | 101875-2012 |
| NLG, LLC a Delaware limited liability company, | ) | |
| Defendant, | ) | |

## DEFENDANT NLG, LLC'S NOTICE OF REMOVAL

Defendant, NLG, LLC ("NLG"), pursuant to Title 28, United States Code §§ 1334, 1446, and 1452 and Bankruptcy Rule 9027(a) hereby removes to this Court the proceeding instituted by Plaintiff, 9197-5904 Quebec, Inc. ("Quebec"), captioned as *9197-5904 Quebec Inc. v. NLG, LLC*, currently pending in the Supreme Court of the State of New York County of New York, case number 12-101875 (the "State Court Action"). As grounds for removal, NLG states as follows:

## AUTHORITY FOR REMOVAL

1. Removal is appropriate here under 28 U.S.C. § 1452 ("Section 1452") because this Court has bankruptcy jurisdiction over this matter pursuant to 28 U.S.C. § 1334 ("Section 1334").

2. Pursuant to Section 1452(a), "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if

1

such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

3. Under Section 1334(b), this Court has jurisdiction to hear any civil proceeding related to a bankruptcy case.

4. The Eleventh Circuit has held that: [t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)); see also In re E-Z Pay Services, Inc., 2006 WL 3230602, at *2 (Bankr. S.C. 2006); In re Wood, 825 F.2d 90, 93 (5th Cir. 1987) (quoting Pacor, 743 F. 2d at 994).

5. Removal is appropriate in this case because, as set forth below, the State Court Action satisfies the "related to" threshold for establishing bankruptcy jurisdiction and will definitively impact the handling and administration of the bankrupt estate.

6. The State Court Action is related to a case under the Bankruptcy Code because it involves assets and liabilities of Debtor Hazan's Bankruptcy estate. These debtor-creditor relationships are central to the Hazan Bankruptcy.

7. Bankruptcy Rule 9027(a) provides, in pertinent part, states as follows:

> (2) Time for Filing; Civil Action Initiated For Commencement of the Case Under The Code. If the claim or cause of action in a civil action is pending

when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a Chapter 11 reorganization case but not later than 180 days after the order for relief.

8. The Confessed Judgment was filed on February 22, 2012. The related Hazan Bankruptcy case was filed on January 11, 2016. This Notice of Removal is timely pursuant to 28 U.S.C. §1452 and Bankruptcy Rule 9027(a), because the time to remove has not even commenced as per the above statute.

### GROUNDS FOR REMOVAL

9. In 2012, Quebec, operating as Debtor Hazan's alter ego, recorded a sham judgment by confession, against NLG in the principal amount of $5,000,225, plus interest and certain costs (the "Confessed Judgment")[1] and attached hereto as Exhibit 1.

10. NLG has motioned to vacate the Confessed Judgment (which motion has been pending since 2014) based upon the insufficiency of the affidavit of confession and as a fraud on the Court. NLG has been unable to have the motion adjudicated because of various legal and bankruptcy proceedings in New York and Florida.

11. In or around April 2014, Quebec assigned its interest in the Confessed Judgment to Selective Advisors Group, LLC ("Selective").

---

[1] Quebec, a Canadian entity, was formed for the purpose of assisting bankruptcy Debtor Hazan with frauds upon various Courts including but not limited to the Confessed Judgment. Debtor Hazan is a director and beneficial owner of Quebec and its successor Selective through her husband Meehan.

3

12. Selective is managed by Sean Neil Meehan ("Meehan") who is bankruptcy debtor, Elizabeth Hazan's ("Hazan") husband. Hazan is the beneficial owner of Selective and Quebec.

13. On January 11, 2016, Hazan filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Miami Division, under case number 16-10389-AJC, pending before the Honorable A. Jay Cristol and attached hereto as Exhibit 2 (the "Hazan Bankruptcy").

14. The Confessed Judgment is subject to the original jurisdiction of this Court pursuant to Section 1334 because it is related to a core matter arising under 11 U.S.C. § 303(i) and the issues raised in the Confessed Judgment overlap and are intertwined with the core bankruptcy proceeding, which is pending before the Bankruptcy Court in Florida.

15. Upon removal, the State Court Action will be transformed into an adversary proceeding (the "Adversary Proceeding") that constitutes a core proceeding pursuant to, inter alia, 28 U.S.C. § 157(b)(2)(C), (K) and (O).

16. This Adversary Proceeding is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17. In accordance with 28 U.S.C. §1446(a), NLG is filing herewith a copy of all process, pleadings and orders served in this action.

18. Pursuant to 28 U.S.C. §1446(d), NLG certifies that promptly after filing this Notice of Removal it will provide written notice of the filing to Plaintiff and to the Clerk of the Court for the Supreme Court of New York County of New York.

19. NLG will hereafter file a motion to transfer venue to the United States Bankruptcy Court for the Southern District of Florida, Miami Division, where the Hazan Bankruptcy is currently pending before Judge Cristol.

WHEREFORE, NLG hereby files its Notice of Removal as this action directly relates to a pending Chapter 11 Bankruptcy Proceeding pending in the Southern District of Florida, Miami Division.

Respectfully Submitted,

Dated: January 29, 2016 **JAMES COSTO, ESQ.**

By: ＿＿/s/ JAMES COSTO
JAMES COSTO (3308)
11 Park Place, Suite 600
New York, NY 10007
Tel: +1.646.543.0406
Email: costolaw@gmail.com
ATTORNEY FOR DEFENDANT NLG, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document is being served this 29th day of January 2016, on the individuals identified below via U.S. first-class mail and e-mail, where applicable:

    Clerk's Office, New York Supreme Court
    County of New York
    60 Centre Street
    New York, NY 10007

    James Vlahadamis
    Vlahadamis & Hillen, LLP
    148 East Montauk Highway, Suite 3
    Hampton Bays, New York 11946
    *Counsel of record for State Court Plaintiff Selective Advisors Group as Assignee of 9197-5904 Quebec, Inc.*

    Jonathan M. Borg, Esq.
    BORG LAW LLP
    40 Fulton Street, 20th Floor
    New York, NY 10038
    t  (917) 495-4790
    f  (207) 433-4790
    jmb@borg.nyc
    *Counsel of Record for ADR Miami, LLC*

THE LAW OFFICES OF ARI MOR, ESQ.
ATTORNEY FOR DEFENDANT NLG, LLC
347 East 65th Street, Suite 2RW
New York, NY 10065
Tel: +1.347.850.0578
ari.mor.esq@gmail.com
*Counsel of Record for NLG, LLC*

Dated: January 29, 2016　　　　　　　　　　**JAMES COSTO, ESQ.**

　　　　　　　　　　　　　　　　　　　　By:　/s/　JAMES COSTO
　　　　　　　　　　　　　　　　　　　　　　JAMES COSTO (3308)
　　　　　　　　　　　　　　　　　　　　　　11 Park Place, Suite 600
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　　　　　Tel: +1.646.543.0406
　　　　　　　　　　　　　　　　　　　　　　Email: costolaw@gmail.com
　　　　　　　　　　　　　　　　　　　　　　ATTORNEY FOR DEFENDANT NLG, LLC